IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL L. CHURCH,

        Petitioner,

v.

        Civil Action No. 16-314-RGA

DANA METZGER, Warden, and
ATTORNEY GENERAL OF THE
STATE OF DELAWARE,

        Respondents.[1]

## MEMORANDUM OPINION

Michael L. Church. *Pro se* Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

August 10, 2017
Wilmington, Delaware

---

[1] Warden Dana Metzger has replaced former Warden David Pierce. *See* Fed. R. Civ. P. 25(d).

ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Michael L. Church is an inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed an Answer in opposition. (D.I. 8) For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

As set forth by the Delaware Supreme Court in Petitioner's second post-conviction appeal:

> [Petitioner] was charged in a thirteen-count indictment with having committed multiple sex offenses between August and December 2010. On September 20, 2011, [Petitioner] pled guilty to one count of Continuous Sexual Abuse of a Child and one count of Sexual Abuse of a Child in the First Degree. In exchange for the guilty plea, the State agreed to dismiss eight counts of Sexual Abuse of a Child in the First Degree and three counts of Sexual Abuse of a Child in the Second Degree.
>
> Prior to sentencing, [Petitioner] filed a motion to withdraw the guilty plea. [Petitioner] claimed that his defense counsel was ineffective and that he felt "threaten[ed] and forced" into taking the plea. The Superior Court denied the motion and later denied [Petitioner's] motion for reconsideration. The Superior Court found that the guilty plea "was not the product of threat or misconduct by defense counsel," and that the plea was "knowing, voluntary and intelligent." The Superior Court determined that [Petitioner] pled guilty "because he is guilty and he did not want to risk the consequences of the jury trial that would have begun immediately, had he not pleaded guilty." On March 9, 2012, the Superior Court sentenced [Petitioner] to a total of thirty-five years at Level V, suspended after twenty-two years (seventeen years minimum mandatory), for Level IV work release and probation. [Petitioner] did not file a direct appeal.

*Church v. State*, 131 A.3d 806 (Table), 2016 WL 47436, at *1 (Del. Jan. 4, 2016).

On May 22, 2012, while represented by counsel, Petitioner moved for a reduction of sentence. (D.I. 11-14 at 5, Entry No. 29) The Superior Court denied the motion on June 28, 2012, and Petitioner did not appeal that decision. (D.I. 11-14 at 5, Entry No. 32)

On March 6, 2013, Petitioner filed a *pro se* motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 11-14 at 5, Entry No. 35) The Superior Court denied the Rule 61 motion on June 25, 2013. *See State v. Church*, 2013 WL 3422490 (Del. Super. Ct. June 25, 2013). Petitioner did not appeal that decision.

On September 9, 2013, Petitioner filed a motion for appointment of counsel in the Delaware Superior Court, (D.I. 11-14 at 6), which the Superior Court denied on September 23, 2013 (D.I. 1-6 at 3). Petitioner filed a motion for reconsideration of that decision on August 13, 2014, which the Superior Court denied on October 6, 2014. (D.I. 12-4 at 6, Entry No. 43) Petitioner appealed, and the Delaware Supreme Court dismissed the appeal as interlocutory. *See Church v. State*, 2015 WL 1243731 (Del. Mar. 17, 2015).

On June 4, 2015, Petitioner filed a second Rule 61 motion. (D.I. 12-4 at 8, Entry No. 51) The Superior Court denied that motion as procedurally barred on August 18, 2015. (D.I. 12-4 at 8, Entry No. 54) The Delaware Supreme Court affirmed that judgment on January 4, 2016, and denied Petitioner's motion for rehearing *en banc*. *See Church*, 2016 WL 47436.

Petitioner filed the instant Petition in April, 2016, asserting the following grounds for relief: (1) the sentencing court violated Petitioner's due process rights by relying on allegations which lacked a minimum indicia of reliability and by providing Petitioner an insufficient opportunity to rebut the allegations; (2) defense counsel provide ineffective assistance during the plea process and sentencing; and (3) defense counsel's ineffectiveness rendered Petitioner's

2

guilty plea involuntary. The State filed an Answer asserting that the Petition should be denied as time-barred or, alternatively, as procedurally barred.

## II.  ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling).

Petitioner does not assert any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run, upon "the

3

expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A); *see Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, since Petitioner did not file a direct appeal, his conviction became final on April 9, 2012 – the day on which the appeal period expired. Applying the one-year limitations period to that date, Petitioner had until April 9, 2013 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005)(Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015)(AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until April 25, 2016,[2] more than three years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. However, the

---

[2]Pursuant to the prisoner mailbox rule, the Court adopts April 25, 2016 as the filing date, because that is the date on the Petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

4

limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, when Petitioner filed his motion for reduction of sentence on May 22, 2012, forty-two days of AEDPA's limitations period had already expired. The motion for reduction of sentence tolled the limitations period through July 30, 2012, the day on which the appeal period expired.[3] The limitations clock started to run on July 31, 2012, and ran 217 days until Petitioner filed his Rule 61 motion on March 6, 2013. The Rule 61 motion tolled the limitations period through July 26, 2013, which includes the thirty-day period Petitioner had to appeal the Superior Court's denial of the Rule 61 motion. The limitations clock started to run on July 27, 2013, and ran the remaining 106 days without interruption[4] until the limitations period expired on

---

[3] Since the thirty-day appeal period actually expired on Sunday, July 29, 2012, the filing deadline extended through the end of Monday, July 30, 2012. *See* Del. Sup. Ct. R. 11(a).

[4] The motion for appointment of counsel Petitioner filed in the Superior Court on September 9, 2013 does not statutorily toll the limitations period because it was not a properly filed motion for post-conviction review. *See Church*, 2013 WL 5786176, at *1 (Petitioner "does not fit under the modified" Superior Court Criminal Rule 61(e)(1), and the motion for appointment of counsel was not part of Petitioner's first Rule 61 proceeding.); *Church*, 2015 WL 1243731, at *1 ("The Superior Court's [] order denying Church's motion for appointment of counsel is an interlocutory order' that "is not appealable as a collateral order."). However, it appears that the State views the motion for appointment of counsel as a motion that tolls the limitations period. Even if the Court were to concur with the State's assumption, the statutory tolling resulting from this motion would not render the instant Petition timely filed. As calculated by the State, the motion for appointment of counsel would toll the limitations through October 29, 2013, the day on which the thirty-day time period to appeal the Superior Court's September 23, 2013 denial of the motion expired. From that date, the remaining 106 days of the limitations period would have run without interruption until it expired on February 13, 2014.

November 11, 2013.[5] Petitioner's second Rule 61 motion, filed on June 4, 2015, has no statutory tolling effect because it was filed after (indeed, well after) the expiration of AEDPA's limitations period. Thus, even after the applicable statutory tolling, the Petition is time-barred, unless equitable tolling applies.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *See id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert, and the Court does not discern, that any extraordinary circumstances prevented him from filing his Petition in a timely manner. To the extent Petitioner's discussion of *Martinez v. Ryan*, 566 U.S. 1 (2012) could be construed as an attempt to trigger equitable tolling, it is unavailing. By its own terms, the *Martinez* decision provides a petitioner with an opportunity to overcome a procedural default of an ineffective assistance of

---

[5]AEDPA's limitations period actually expired on Saturday, November 9, 2013. Therefore, Petitioner had until Monday, November 11, 2013 to file his Petition. *See* Fed. R. Civ. P. 6(a)(3)(a).

trial counsel claim, but does not in any way impact a petitioner's obligation to comply with AEDPA's limitations period. *See Wilkinson v. Pierce*, 2015 WL 366057, at *4 (D. Del. Jan. 26, 2015). Finally, to the extent Petitioner's late filing was due to a mistake or miscalculation of the one-year filing period, such a mistake does not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For all of these reasons, the Court concludes that the equitable tolling doctrine does not apply in this case. Accordingly, the Court will deny the instant Petition as time-barred.[6]

## III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred, and reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the Court will deny the instant Petition as time-barred without holding an evidentiary hearing. An appropriate Order will be entered.

---

[6]Given its conclusion that the Petition is time-barred, the Court will not address the State's other reasons for denying the Petition.

7